|  | AUSA: | Thomas Franzinber | Telephone: | (313) 226-9774 |
|---|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: | Andrew Carriger (FBI) | Telephone: | (313) 965-2323 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.

Samuel Lee McCOY

Case: 2:20-mj-30122
Judge: Unassigned,
Filed: 03-09-2020 At 12:16 PM
RE: SEALED MATTER (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Various dates in February 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1591 | Sex trafficking of a minor |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Andrew Carriger, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __MAR 0 9 2020__

City and state: __Detroit, Michigan__

*Judge's signature*

Hon. Elizabeth Stafford, United States Magistrate Judge
*Printed name and title*

DAVID R. GRAND

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

## INTRODUCTION

I, Andrew Carriger, being duly sworn, depose and state the following:

1. I am employed by the Romulus Police Department as a Police Officer and have been for approximately eight (8) years. I have been assigned to the Federal Bureau of Investigation (FBI) as a Task Force Officer (TFO) since January 2016. I currently work in the Southeast Michigan Trafficking and Exploitation Crimes (SEMTEC) Task Force. I have experience investigating child sexual exploitation and human trafficking crimes and have also been trained specifically on these types of investigations. I have consulted with numerous other SEMTEC agents, including those that have worked on human trafficking investigations for many years.

2. This affidavit is made in support of an application for a criminal complaint and arrest warrant for **SAMUEL LEE MCCOY** (DOB 2/XX/1986) for violations of 18 U.S.C. § 1591(a)(1) and (b)(2) (Sex Trafficking of a Minor).

## PROBABLE CAUSE

3. On February 24, 2020, Canton Police Officers were dispatched to the Econolodge Motel (40500 Michigan Ave., Canton, MI) in response to a call for service on a suspicious situation. The caller stated to Canton dispatch that there were 2 to 3 younger females, believed to be younger than seventeen (17), who were

1

possibly prostitutes, inside of room #206, with two (2) men standing outside the door and different, older males going in and out of the room.

4. Canton Officers Pasick, Evans, and Dunlap responded and made contact with the front desk personnel from the motel who stated the following: she has seen the male outside of room #206, he stays at the motel often, and she knows him as Samuel McCoy. McCoy was coincidentally standing in the lobby of the motel at the time and officers made contact with him. He was later fully identified as SAMUEL LEE MCCOY, date of birth, 02/XX/1986.

5. McCoy stated to officers that he was at the motel with his cousin and her friend, and he was going to take them to school. McCoy stated he had no problem with officers going to room #206 and checking on the occupants. Officers then went to room #206 and made contact with two females there: minor victim #1, a 14 year-old female (hereinafter MV1); and minor victim #2, a 15 year-old female (hereinafter MV2).

6. After learning the true identities of the minor victims, Officer Pasick contacted MV-2's mother. MV-2's mother stated to Officer Pasick that McCoy was not related to either minor victim and that he was "tricking them out." MV-1 and MV-2 were then transported to Canton Police Department to await CPS notifications and parental notifications.

7. Task Force Officer (TFO) Quinn and Special Agent (SA) Conolly then arrived at the Econolodge motel and made contact with McCoy. McCoy agreed to speak with TFO Quinn and SA Conolly. McCoy then stated the following:

   a. McCoy stated he had rented the room and the room was in his name. McCoy denied any criminal activity was happening in the room.

   b. McCoy was asked to provide his cellular phone number to which he provided (213) XXX-2580[1].

   c. Prior to TFO Quinn and SA Conolly's arrival, McCoy had provided Canton Police Officers a different phone number of (419) XXX-7479.

   d. An open internet search of the phone number (213) XXX-2580 provided by McCoy located several advertisements for commercial sex acts. These ads were posted during the period May to August of 2019. When McCoy was asked about the advertisements, McCoy stated he did not post the advertisements, the person who used to have his number must have posted the advertisements.

8. TFO Quinn then made contact with the front desk employee, who stated approximately one (1) year ago, McCoy was kicked out of the motel for prostitution-related activity. When McCoy was asked about the incident, he denied having been

---

[1] This is the same phone number McCoy provided to Canton Officers in July of 2019 in a separate incident, as his phone number.

3

involved in prostitution-related activity and stated he was kicked out of the motel because he had a dog in the room.

9. McCoy's cellular phone was then seized by TFO Quinn and SA Conolly due to the totality of the circumstances: minors in the motel room, history of prostitution, and MV-2's mother's statements to the officers.

10. During the course of the investigation, another minor victim, a 15 year-old female (hereinafter MV-3) was located. MV-3 provided your affiant and SA Chris Szczygiel a phone number for McCoy of (419) XXX-7479.

11. Your affiant conducted an open internet search of the phone number (419) XXX-7479. Results from the search showed multiple advertisements in the Canton area for commercial sex acts. The photographs in the advertisements were mainly of MV-3, along with some photographs of MV-1.

12. On February 27, 2020, a forensic interview was conducted with MV-3. MV-3 stated the following:

   a. MV-3 met McCoy a few weeks prior to the interview and knew him as "Sincere." She met him through a female she knows as "Kash." MV-3 stated that she met "Kash," McCoy and minor victim #4, a 15 year-old female (hereinafter MV-4), in the Romulus area at a house. Once they were introduced, the four of them went to Toledo, Ohio. In Toledo, MV-

      3 and MV-4 performed commercial sex dates that were arranged by McCoy and "Kash."

b. After a couple days in Toledo, MI, the group drove back to the Romulus area. "Kash" and MV-4 went their own way and MV-3 asked McCoy to take her home.

c. McCoy agreed to take MV-3 home but, before doing so, he asked MV-3 to make some money with him. MV-3 stated McCoy told her to try one date with him and then he would take her home.

d. MV-3 stated she did the commercial sex date for McCoy and then continued doing more dates under his direction. McCoy posted all the advertisements for MV-3. He used his phone number, (419) XXX-7479, for the advertisements as well. McCoy did all the texting with the customers and set up the dates. Once he had a date set up, he would let MV-3 know a date was on the way or there.

e. MV-3 then did the date for whatever McCoy had set up, and once the date left, MV-3 had to give the money to McCoy. McCoy then let her keep approximately $60 from the date.

f. MV-3 stated that during the course of her time with McCoy, MV-1 & MV-2 started coming around. MV-3 stated that MV-2 attempted to do a date for McCoy when they were all together, but it didn't work. She was

unaware if MV-1 & MV-2 had done any additional dates for McCoy because shortly after they came around, she left and went back home.

g. MV-3 was shown an advertisement for commercial sex acts from February 15, 2020, which was posted for Toledo, OH. MV-3 identified the phone number in the advertisement as McCoy's, (419) XXX-7479, and identified MV-1 and herself in the pictures associated with the advertisement.

13. A subpoena was sent to Sprint Communications for the subscriber information for the phone number (419) XXX-7479. The results from the subpoena showed the subscriber of the phone number (419) XXX-7479, belonging to a "Sincere McCoy", active from February 8, 2020 to current subpoena submission date (March 4, 2020).

14. Through law enforcement techniques, advertisements were located that used phone number (419) XXX-7479 as the contact number. These ads started no later than February 9, 2020, and ran through at least March 1, 2020. All the advertisements have photographs that depict MV-3. As of February 12, 2020, some of the advertisements also depict MV-1 as well. The majority of the advertisements located make reference to a sex acts involving all three minor victims.

15. Prior to his posting these advertisements and arranging for these commercial sex act, McCoy was personally informed by a relative of MV-2 that she was underage. Based on my training and experience, MV-2 appears to be about 15 years old in person. McCoy was also told by a relative of MV-3 that she was 15 years old,

and that he should not be involved with MV-3 and her friends because they were underage. Based on my training and experience, MV-3 appears to be 12-14 years old in person, as does MV-1.

## CONCLUSION

16. For the reasons set forth above, I believe probable cause exists that **SAMUEL LEE MCCOY**, did violate 18 U.S.C. § 1591 (Sex Trafficking of a Minor), by knowingly enticing, recruiting, harboring, transporting, and advertising a minor in and affecting interstate commerce, knowing that the minor would be caused to engage in a commercial sex act, and knowing or in reckless disregard of the fact that each victim had not reached the age of 18, and after having had a reasonable opportunity to observe each victim.

Andrew Carriger
Task Force Officer
Federal Bureau of Investigation

Sworn to before me and signed in my presence and/or by reliable electronic means.

3/9/20

DAVID R. GRAND
UNITED STATES MAGISTRATE JUDGE

7